# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerome Eugene Vann,<br><br>              Petitioner,<br><br>v.<br><br>Michelle Smith, Warden,<br><br>              Respondent. | Case No. 13-cv-893 (SRN/JSM)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jerome Eugene Vann, #101086, MCF-Lino Lakes, 7525 4th Avenue, Lino Lakes, MN 55014-1099, *pro se* Plaintiff.

Peter R. Marker, Ramsey County Attorney's Office, 50 Kellogg Blvd West, Suite 315, St. Paul, MN 55102; Matthew Frank and Jennifer R. Coates, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, on behalf of Defendant.

SUSAN RICHARD NELSON, United States District Judge

      Before the undersigned United States District Court Judge are Petitioner Jerome Eugene Vann's Objections [Doc. No. 28] to the June 24, 2014 Report and Recommendation ("R&R") issued by Magistrate Judge Janie S. Mayeron [Doc. No. 27]. According to statute, the Court must conduct a *de novo* review of any portion of the magistrate judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); <u>see also</u> Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that *de novo* review and for the reasons set forth, Petitioner's Objections are overruled, and the Court adopts the R&R in its entirety.

## I.      BACKGROUND

The factual and procedural background of Petitioner's case is well documented in the magistrate judge's R&R and is incorporated herein by reference.[1]  Briefly stated, Petitioner is currently serving a 180-month sentence for a conviction of third and fourth degree sexual conduct involving his 22-year-old daughter "S.J."  State v. Vann, No. A08-1000, 2009 WL 2431978, at *1 (Minn. Ct. App. Aug. 11, 2009) ( hereinafter "Vann I").  Petitioner appealed his conviction to the Minnesota Court of Appeals, raising the following issues:  (1) whether the district court erred in removing Vann from the courtroom for the remainder of his trial following an outburst during trial; (2) whether the district court should have ordered a competency evaluation to determine if Vann was able to assist in his defense;  (3) whether the prosecutor committed misconduct by repeatedly stating to the jury during closing arguments that the jury could acquit Vann only if it found that S.J. was lying; (4) whether Vann's criminal history score was miscalculated; and (5) whether Vann was entitled to jail credit for time spent serving a contempt of court sentence.  Id. at *2-6.  Petitioner also submitted two pro se briefs, which the appellate court construed as raising claims of ineffective assistance of trial or appellate counsel.  Id.  at *6.  Although the Minnesota Court of Appeals determined that Petitioner's sentence was based on an incorrect criminal history score and remanded the case for re-sentencing (id. at *1), it affirmed Petitioner's conviction on all other grounds.  Id.  at *6.  The Supreme Court denied review on October 28, 2009. Id. at *1 (noting denial of review in case caption).

---

[1] The Court recites background facts only to the extent necessary to rule on Petitioner's Objections.

2

On remand, the trial court recalculated a lower criminal history score, but departed upward nonetheless, imposing the same 180-month sentence that it had originally imposed. State v. Vann, No. A09-1964, 2010 WL 3306898, at *1 (Minn. Ct. App. Aug. 24, 2010) (hereinafter Vann II")).  The trial court based this upward departure on two aggravating factors, one of which was that Petitioner had a prior conviction involving injury to a victim. Id. at *1.

Petitioner appealed the remanded sentence to the Minnesota Court of Appeals, arguing *pro se* that his prior convictions for attempted murder and assault were more than ten years old and could not form the basis for the upward departure.  Id. at *4-7.  In addition, Vann argued that the trial court erred by imposing a ten-year term of conditional release without any factfinding by a sentencing jury in violation of Apprendi v. Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  Id. at *7-8.  The Minnesota Court of Appeals found that Petitioner's prior conviction involving injury to a victim was a valid basis for the sentencing departure.  Id. at *4.  Accordingly, the court upheld Vann's sentence and rejected Vann's *pro se* arguments related to "decayed" convictions and the ten-year conditional release period.  Id. at *6-8.

Subsequently, Petitioner filed a *pro se* petition to the Minnesota Supreme Court for further review of Vann II, arguing that his Sixth and Fourteenth Amendment rights were violated when the trial court used a decayed conviction as an aggravating factor to support an upward departure in sentencing.  (Pet. for Review, Resp't Ex. 4 [Doc. No. 20-1 at 38-45].)  On November 16, 2010, the Minnesota Supreme Court denied review.

Petitioner filed a *pro se* petition for postconviction relief with the district court in

3

December 2011.  (Postconviction Pet., Resp't Ex. 5   [Doc. No. 20-1 at 57].)  Vann raised

the following issues in this petition:  (1)  because "reliable and credible DNA evidence" was

not presented at trial, this demonstrated that Petitioner was actually innocent of the sexual

assault, and therefore, his postconviction claims were not procedurally barred; (2) he

received ineffective assistance of trial counsel in violation of the Fifth, Sixth, and

Fourteenth Amendments when his counsel failed to disclose the DNA evidence to the jury;

(3) in violation of his rights to due process and equal protection of the laws under the Fifth

and Fourteenth Amendments, the prosecutor committed  misconduct by using false

testimony from S.J. to obtain a conviction when there was "reliable and credible DNA

evidence" that negated the charge; (4) the trial court judge committed misconduct by failing

to require that Petitioner undergo a mental competency exam in violation of his rights to due

process under the Fourteenth Amendment; (5) the court lacked personal jurisdiction over

him with respect to certain charges because of insufficient probable cause for his arrest; (6)

the trial court lacked a "lawful basis" for its upward sentencing departure, in violation of the

Due Process Clause of the Fifth and Fourteenth Amendments; (7) the trial court improperly

applied the fifteen-year decay period, instead of the ten-year decay period, under which his

prior conviction was fully decayed at the time of the offense in 2007; and (8) in violation of

the Sixth and Fourteenth Amendments, he was denied due process and equal protection

based on the trial court's imposition of a ten-year term of conditional release.  (Id. at 70-86,

89-109.)

The district court denied the petition on March 29, 2012, finding that Vann's claims

were procedurally barred.  (See Vann v. Minn., Order of 12/20/12 at 3, Resp't Ex. 7  [Doc.

No. 20-1 at 128]) (hereinafter "Vann III") (describing the basis of the district court's denial of Petitioner's postconviction petition).

Petitioner appealed the denial of postconviction relief to the Minnesota Court of Appeals, which affirmed the district court's order.  (Id. at 126-130.)  The court concluded that each of the issues raised in Petitioner's postconviction petition were considered and rejected in Vann I or Vann II.  (Id. at 129].)  A postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." Christian v. Dingle, No. No. 06-CV-3056 (ADM/JSM), 2008 WL 2003089, at *10 (D. Minn. May 7, 2008) (quoting Minn. Stat. § 590.04, subd.3 (1998)).  To the extent that Petitioner presented different variations of earlier arguments, the appellate court found them to be barred under State v. Knaffla, 243 N.W.2d 737 (Minn. 1976), "because they should have been known at the time of Vann's direct appeals."  (Vann III, Resp't Ex. 7 [Doc. No. 20-1 at 129].)  Specifically, the appellate court noted that the lack of DNA evidence was known at trial and was therefore not "newly discovered evidence" as Petitioner claimed.  (Id. at 129-130.)

Petitioner then filed a *pro se* Petition for Review of the Court of Appeals' decision to the Minnesota Supreme Court.   (Pet. for Review, Resp't Ex. 8 [Doc. No. 20-1 at 131].) Petitioner argued that: (1) he was denied due process because the lack of DNA evidence was newly discovered and "not known to the Petitioner"; (2) the district court committed reversible error by using an unauthorized prior conviction to increase his sentence; (3) the trial court violated the Ex Post Facto Clause when it applied the fifteen-year decay period regarding his 1984 conviction for assault and attempted murder; (4) the trial court erred in

imposing a ten-year conditional release period, in violation of the Fifth, Sixth, and Fourteenth Amendments, his right to equal protection and due process, and Blakely and Apprendi; (5) his claims were not procedurally barred under Knaffla; and (6) the postconviction court should have held an evidentiary hearing on his petition.  (Id. at 138-143.)  The Minnesota Supreme Court denied review on February 7, 2013.  (See Resp't Mem. at 5 [Doc. No. 19].)

On February 17, 2013, Petitioner filed his § 2254 Petition for a Writ of Habeas Corpus in this Court.  (Pet. [Doc. No. 1].)  Raising eleven grounds for relief, Petitioner asserts that the district court abused its discretion in denying his motion for postconviction relief based on the following grounds: (1) newly-discovered evidence (id. at 4); (2) actual innocence (id. at 5); (3) the denial of a mental competency examination (id. at 6); (4) ineffective assistance of counsel (id. at 8); (5) removing Petitioner from the courtroom during trial (id. at 9); (6) prosecutorial misconduct (id. at 10); (7) violating Petitioner's Fifth and Fourteenth Amendment rights based on judicial misconduct (id. at 12); (8) violating Petitioner's right to due process under the Fourteenth Amendment as to personal jurisdiction regarding the allegation of criminal sexual misconduct (id. at 13); (9) imposing an upward departure by erroneously applying a prior conviction in which the victim was injured as an aggravating factor (id. at 14); (10) misapplying the decay factors used for his criminal history scores (id. at 16); and (11) imposing a ten-year conditional release term, in violation of Apprendi and Blakely (id. at 17).

Petitioner also filed a supporting memorandum on February 18, 2013 [Doc. No. 2]. Respondent filed a Response [Doc. No. 19], to which Petitioner replied [Doc. No. 22].

On June 25, 2014, the magistrate judge issued the R&R, recommending that

Petitioner's Petition be denied, the action be dismissed with prejudice, and the Petitioner not

be granted a Certificate of Appealability.  (R&R at 47 [Doc. No. 27].)  Petitioner filed his

Objections to the R&R [Doc. No. 28] on July 15, 2014, which this Order addresses.

## II.      DISCUSSION

### A.      Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §

2254(d), describes the standard for granting writs of habeas corpus made by persons in

state custody:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

28 U.S.C. § 2254(d) (1)-(2).

Under the "contrary to" clause of § 2254(d)(1), a federal court may grant a habeas

writ "if the state court arrives at a conclusion opposite to that reached by [the U.S.

Supreme] Court on a question of law or if the state court decides a case differently than

th[e] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529

U.S. 362, 413 (2000).  Under the "unreasonable application" clause of § 2254(d)(1), a

federal court may grant a habeas writ "if the state court identifies the correct governing legal principle from [the U.S. Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must also be "objectively unreasonable." Id. at 409 (emphasis added).

Additionally, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As noted by Magistrate Judge Mayeron, in conducting a habeas review, a district court may not reexamine state court determinations on state law questions, but the court is limited instead to "deciding whether a conviction violated the Constitution, laws or treaties of the United States." (R&R at 13 [Doc. No. 27]) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

In this case, the magistrate judge found that none of Petitioner's grounds of relief succeed. Accordingly, she recommended the denial of his habeas corpus application and the dismissal of this action with prejudice. (See R&R at 47 [Doc. No. 27].) The Court addresses Petitioner's Objections to the R&R [Doc. No. 28] in the order in which he has raised them.[2]

---

[2] Petitioner's Objections address all but one of the magistrate judge's findings. He does not appear to object to the R&R's findings with respect to Ground Eight of his Petition

### B.      Objections to the R&R

#### 1.      Fair Presentment, Exhaustion, and Procedural Default of Certain Claims

Petitioner objects to the magistrate judge's determination that he is barred from pursuing claims regarding DNA evidence and ineffective assistance of counsel because he failed to exhaust those claims in state court.  (Pet'r Obj. at 4 [Doc. No. 28].)

As the magistrate judge observed, in presenting his federal claims in state court, a petitioner must have presented those claims so as to alert the state court to the federal nature of those claims.  See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("Mere similarity between the state law claims and the federal habeas claims is insufficient: 'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'") (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)).  In order for a federal claim to be fairly presented, "a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to a federal habeas claim is not sufficient to satisfy the fairly presented requirement." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005) (internal quotation marks and citations omitted).

---

based on lack of personal jurisdiction.  (See Pet'r Obj. at 10 [Doc. No. 28].)  In any event, the Court adopts the magistrate judge's recommendation as to this ground for relief (R&R at 36-37 [Doc. No. 27], finding that Petitioner failed to exhaust his remedies regarding this claim, which is procedurally barred, and for which no exception applies.

In addition, a writ of habeas corpus is a remedy to a state prisoner only after the prisoner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1)(A).  This means that the prisoner "must . . . invoke one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  This rule is based on considerations of federal-state comity.  Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).  "State courts, like federal courts, are obliged to enforce federal law."  O'Sullivan, 526 U.S. at 844.  The exhaustion requirement is met if the state court rules on the merits of the claims, or if the prisoner "presents his claims in a manner that entitles him to a ruling on the merits."  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

Therefore, a prisoner will not be deemed to have exhausted his state court remedies, even as to federal claims, "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  If he has no such right, then the petitioner is also barred from obtaining habeas relief in federal court absent (1) a showing of cause and actual prejudice or (2) a demonstration of "a fundamental miscarriage of justice - meaning that he is actually innocent."  Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010) (citations omitted).  To establish "a fundamental miscarriage of justice," a petitioner must present new evidence showing his innocence.  Id.  (citing House v. Bell, 547 U.S. 518, 537 (2006)).

Where a state court remedy is available on an unexhausted claim, the federal habeas court must defer ruling until the claim is exhausted, whether by dismissal of the habeas petition without prejudice, or by using a stay and abeyance procedure.  Armstrong

v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006).

However, where the claim is not exhausted and state procedural rules bar any additional

attempts to exhaust the claim, "then the claim is not truly 'unexhausted,' but rather, it has

been 'procedurally defaulted.'"  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

There is a longstanding procedural bar under Minnesota law, the "Knaffla rule,"

which prevents state prisoners from seeking postconviction relief based on claims that

could have been raised on direct appeal, either because the prisoner knew or should have

known of the claims at that time.  See Maxwell v. Gau, Civ. No. 12-1770 (ADM/TNL),

2014 WL 1371912, at *10 (D. Minn. Apr. 8, 2014) (citing State v. Knaffla, 243 N.W.2d

737 (Minn. 1976)).  Claims are considered "known" if they were available after trial and

could have been raised on direct appeal.  See Townsend v. State, 723 N.W.2d 14, 18

(Minn. 2006) (citation omitted).   If a Minnesota appellate court declines to consider a

claim on the merits due to the claim being barred under Knaffla, the claim is likewise

procedurally barred for purposes of federal habeas relief.  McCall, 114 F.3d at 757.

As noted by the magistrate judge, there are two exceptions to the Knaffla

procedural bar.  (R&R at 17 [Doc. No. 27].)  First, if a claim is known to the petitioner at

the time of an appeal but is not raised, it will not be barred if its novelty was so great that

its legal basis was not reasonably available when the direct appeal was taken; and second,

even if the claim's legal basis was sufficiently available, when fairness so requires the

review and the petitioner did not deliberately and inexcusably fail to raise the issue on

direct appeal, it will not be barred.  (Id.) (citing Fraction v. Minn., 678 F. Supp. 2d 908,

917 (D. Minn. 2008) (citations omitted)).

The Court finds that Magistrate Judge Mayeron properly determined that Petitioner's claims regarding DNA evidence and ineffective assistance of counsel are barred by the Knaffla Rule.  (R&R at 22-23; 27-29 [Doc. No. 27].)   First, the Court agrees with the magistrate judge that Petitioner failed to fairly present the issues regarding DNA evidence and ineffective assistance of appellate counsel as federal claims to the Minnesota Supreme Court.  (Id. at 22-23 [Doc. No. 27].)   As the magistrate judge noted, while Vann raised an ineffective assistance of appellate counsel claim in Vann I, 2009 WL 24331978, at *6, he did not raise this claim in his petitions for review to the Minnesota Supreme Court in Vann I or in Vann II.  (Id. at 22.)  Although Petitioner raised a claim of ineffective assistance of trial counsel in his petition for postconviction relief (Postconviction Pet., Resp't Ex. 5 [Doc. No. 20-1 at 76-79, 94]), he did not assert a claim of ineffective assistance of appellate counsel.  (Id.; see also Vann III, Resp't Ex. 7 [Doc. No. 20-1 at 126].)   The Court thus agrees with the magistrate judge that Vann failed to "fairly present a claim of ineffective assistance of appellate counsel as an independent constitutional claim to any court, much less the highest Minnesota state court."  (R&R at 23 [Doc. No. 27].)

To the extent that Petitioner contends that he has a viable due process claim (Pet'r Obj. at 2 [Doc. No. 28], this claim also fails.  In the appeal of his postconviction petition, Petitioner claimed that he was "denied his Due Process" with regard to the DNA evidence.  (Pet. for Review, Resp't Ex. 8 [Doc. No. 20-1 at 139].)   As the magistrate judge properly found, this reference to due process did not alert the Minnesota Supreme Court to a federal claim, as Petitioner did not specify whether he was referring to due

12

process under the Federal Constitution or the Minnesota Constitution.  See Adams v.

Robertson, 520 U.S. 83, 89 n.3 (1997) ("passing invocations of 'due process' [that] fail to

cite the Federal Constitution or any cases relying on the Fourteenth Amendment . . . [do]

not meet our minimal requirement that it must be clear that a federal claim was

presented") (emphasis in original).

    The Court finds that the Magistrate Judge properly applied the requirements of

exhaustion of remedies, fair presentment, and procedural default to these claims.  Absent

an applicable exception, to the extent that Petitioner has asserted an exception (discussed

below), these claims are barred under Knaffla, and fail as a matter of law.

### 2.    Fundamental Miscarriage of Justice Exception

    Petitioner objects to the magistrate judge's determination that the "fundamental

miscarriage of justice" exception does not apply to overcome Petitioner's procedural

default concerning his claims based on the DNA evidence.  (Pet'r Obj. at 5 [Doc. No.

28].)   As stated above, there are two circumstances under federal law in which a habeas

petitioner may overcome a state procedural bar:  (1) by showing cause and prejudice; or

(2) by showing that the failure to consider the claims will result in a fundamental

miscarriage of justice.  Fraction, 678 F. Supp. 2d at 917 (citing Coleman, 501 U.S. at

750).

    The first exception, requiring a showing of cause for a procedural default,

ordinarily "turn[s] on whether the prisoner can show that some objective factor external

to the defense impeded counsel's efforts to comply with the State's procedural rule."

Murray v. Carrier, 477 U.S. 478, 488 (1986).  For example, this narrow exception might

13

be met with a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance inpracticable. <u>Id.</u> (citations omitted). Although Petitioner does not appear to argue that the first exception applies, the Court merely notes that it plainly does not. Nothing in the record suggests that the procedurally defaulted claims were not reasonably available to counsel nor is there any evidence of some type of official interference.

The second exception is only available upon a showing "based on new evidence that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1161 (1996) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).) The Eighth Circuit requires a habeas petitioner asserting actual innocence based on "newly discovered evidence" to produce not only "new reliable evidence which was not presented at trial, but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence." <u>Kidd v. Norman</u>, 651 F.3d 947, 951-62 (8th Cir. 2011). While Petitioner persists in characterizing the DNA evidence as "newly discovered" (Pet'r Obj. at 5 [Doc. No. 28]), the record confirms just the opposite. As the magistrate judge succinctly stated, "Petitioner is not entitled to the benefit of the 'newly discovered evidence' exception because, simply put, the DNA evidence was not new." (R&R at 25 [Doc. No. 27].) Both Petitioner and his trial counsel were clearly aware of the lack of DNA evidence connecting him to the victim's clothing. Further, this lack of evidence was noted during the trial and was mentioned to the jury by both Petitioner's counsel and the prosecuting attorney in their closing arguments. (<u>Vann III</u>,

Resp't Ex. 7 [Doc. No. 20-1 at 129].)  Moreover, as the Minnesota Court of Appeals

noted, Petitioner was removed from the courtroom and jailed for contempt "because of a

vulgar outburst that stemmed from his desire to have the results of the DNA testing

introduced during the trial."  (Id.)  Clearly, the results of the DNA testing were "known"

to Petitioner – even at the time of trial.  Because nothing about the lack of DNA evidence

was "newly discovered," the newly discovered evidence exception is unavailing to

Petitioner.  Likewise, because Petitioner has presented no newly discovered evidence

concerning his other procedurally defaulted claims involving ineffective assistance of

counsel and due process, this exception is also unavailable.

### 3.      Competency Exam

Petitioner objects to the magistrate judge's determination that Petitioner failed to

fairly present the issue regarding his right to a competency exam as a federal claim to the

Minnesota Supreme Court.  (Pet'r Obj. at 6 [Doc. No. 28].)  As stated above, in order for

a claim to be fairly presented, a petitioner must refer to a specific federal constitutional

right, a particular constitutional provision, or a state case raising a pertinent federal

constitutional issue.  Cox, 398 F.3d at 1031.

In Vann I, the Minnesota Court of Appeals upheld the district court's decision to

not require a competency evaluation under Rule 20 of the Minnesota Rules of Criminal

Procedure.  The appellate court found that while Vann made odd statements at trial that

might call his competence into question, the record suggested that his behavior was

intentionally manipulative and supported the trial court's decision to deny a Rule 20

examination.  Vann I, 2009 WL 2431978, at *3.   In Vann's Petition for Review of Vann

I to the Minnesota Supreme Court, he stated: "Did the trial court deny Vann his constitutional right to due process of law by failing to order a Rule 20 competency examination when Vann's first attorney requested such an examination and it became evident that there was reason to doubt his competency to proceed?" (Pet. for Review, Resp't Ex. 2 [Doc. No. 20-1 at 9].)  As noted, the Minnesota Supreme Court denied review on October 28, 2009.  Vann I, 2009 WL 2431978, at *1 (noting denial of review in case caption).

As Magistrate Judge Mayeron found, in his Petition for Review of Vann I, Vann failed to specify whether he was referring to his due process rights under the federal or state constitution.  (R&R at 26-27 [Doc. No. 27].)  His passing reference to his "constitutional right to due process of law" did not alert the Minnesota Supreme Court to a federal claim.  (Id.)  Moreover, the Minnesota Court of Appeals made no reference to a federal law based on this claim in its opinion in Vann I.  See Vann I, 2009 WL 2431978, at *3 (Minn. Ct. App. 2009).

Accordingly, the Court finds that the magistrate judge properly concluded that Petitioner procedurally defaulted on this claim because he failed to present the federal nature of the claim to the Minnesota Supreme Court.  (R&R at 27 [Doc. No. 27].)  In addition, Petitioner has not addressed the application of any exception to the Knaffla Rule regarding this claim.  The Court therefore finds that this ground of relief fails.

### 4.    Ineffective Assistance of Trial Counsel

Petitioner asserts that he received ineffective assistance of trial counsel, focusing on counsel's decisions with respect to the lack of DNA evidence.  (Pet. Mem. at 22 [Doc.

No. 2].)  As the magistrate judge noted, Petitioner raised the issue of ineffective assistance of trial counsel, although not as to the DNA issue, in his *pro se* brief submitted to the Minnesota Court of Appeals in <u>Vann I</u>, but failed to raise it in his Petition for Review to the Minnesota Supreme Court.  (R&R at 27 [Doc. No. 27].)  Consequently, when he asserted the issue again in his postconviction petition in <u>Vann III</u>, the claim was found barred under <u>Knaffla</u> because it should have been known at the time of Vann's direct appeals.  (<u>Vann III</u>, Resp't Ex. 7 [Doc. No. 20-1 at 128-29].)

The Court agrees with the magistrate judge that, to the extent that Petitioner's claim is based on his claim regarding the DNA evidence, it is rejected for all of the reasons previously noted.  To the extent that he argues that the state court erred in finding that the claim was barred under <u>Knaffla</u>, it is not the province of this Court to determine whether a matter should be considered procedurally defaulted under state law.  <u>Murray v. Hvass</u>, 269 F.3d 896, 899 (8th Cir. 2001).  Nor does Petitioner argue, or the record support, that any exception to the procedural bar applies.  Accordingly, the Court adopts the magistrate judge's recommendation that there is "no reason to disturb the conclusion of the postconviction court and the Minnesota Court of Appeals that this claim is barred under <u>Knaffla</u>."  (R&R at 29 [Doc. No. 27].)

### 5.      The Supremacy Clause

Petitioner argues that the Supremacy Clause was violated when the Court found that the "fundamental miscarriage of justice" exception did not apply to his claims that were found to be procedurally defaulted.  (Pet'r Obj. at 8-10 [Doc. No. 28].)  The Supremacy Clause is generally invoked to invalidate state action that interferes with or is

17

contrary to federal law.  Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.,
165 F.3d 602, 607 (8th Cir. 1999) (citing U.S. Cont. art. VI, cl. 2); Wisc. Pub. Intervenor
v. Mortier, 501 U.S. 597, 604 (1991).  Such state action "includes applicable common
law claims recognized by state courts."  Dow, 165 F.3d at 607 (citing Cipollone v.
Liggett Group, Inc., 505 U.S. 504, 521-22 (1992)).

Vann does not allege any contradiction between state and federal law.  (Pet'r Obj.
at 8-10 [Doc. No. 28].)  He merely alleges that the state courts involved in his trial and
subsequent appeals incorrectly decided the issues before them.  (Id.)  This does not
implicate the Supremacy Clause, Nat'l Bank of Commerce of El Dorado, 501 U.S. 597 at
607, and therefore it provides no basis for relief.

### 6.     Fair Presentment of Right to be Present in the Courtroom

Petitioner asserts a violation of his federal constitutional rights based on his
removal from the courtroom during trial, following a verbal outburst.  (Pet. Mem. at 18-
20 [Doc. No. 2].)  He was not present in the courtroom for closing arguments or when the
jury's verdict was read.  Vann I, 2009 WL 2431978, at *2.  Petitioner objects to the
magistrate judge's determination that he failed to fairly present his right to be present in
the courtroom as a federal claim to the Minnesota Supreme Court.  (Pet'r Obj. at 10 [Doc.
No. 28].)

While the Minnesota Court of Appeals noted that Petitioner raised the issue of
being present in the courtroom in his postconviction petition (Order of 12/20/12 [Doc.
No. 20-1 at 128-29]), it found that the claim was procedurally defaulted.  As noted, when
a defendant fails to raise an issue on direct appeal that he knew or should have known at

the time of the direct appeal, he may not subsequently raise such a claim in a

postconviction petition.  Knaffla, 243 N.W.2d at 741.  Again, it is not the province of this

Court to determine whether a matter should be considered procedurally defaulted under

state law.  Murray, 269 F.3d at 899.

Moreover, the Court finds that Petitioner failed to fairly present the issue

regarding his right to be in the courtroom as a federal claim to the Minnesota Supreme

Court on direct appeal.  In Vann's Petition for Review of Vann I, he framed the issue as

follows:

> Did the trial court commit reversible error when, after justifiably removing
> Vann from the courtroom, it failed to ask him on the following day if he
> wanted to be present and give him an opportunity to regain his right to be
> present?
>
> The trial court did not specifically rule. The court of appeals ruled that,
> although the United States Supreme Court has said that a judge should
> allow the defendant the [sic] regain the right to be present, the trial court
> did not err in not questioning Vann on the day following his outbursts about
> whether he would be respectful in court.

(Pet. for Review, Resp't Ex. 2 [Doc. No. 20-1 at 9].)  Petitioner reasoned:

> Although the court of appeals acknowledged that the United States
> Supreme Court "suggests that a judge should allow a defendant to regain
> the right to be present," the judge in this case was not required to do so. . . .
> This court should accept review of Vann's case to clarify the obligation of
> the trial court to specifically warn a defendant that he might lose his right to
> be present at trial and to clarify the obligation to allow a defendant to regain
> that right.

(Id. at 12-13.)

This reference above to the United States Supreme Court and an unnamed

Supreme Court case did not fairly present the Minnesota Supreme Court with a federal

claim.  See Palmer v. Clarke, 408 F.3d 423, 320 (8th Cir. 2005) (quoting Wenmark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003) ("A petitioner has fairly presented a claim when he has raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition.").   Thus, Petitioner failed to alert the Minnesota Supreme Court that he was raising a federal constitutional challenge in his direct appeal.   (See Pet. for Review, Resp't Ex. 8 [Doc. No. 20-1 at 139]) (failing to assert such a claim).  As the magistrate judge notes, in Vann's reply memorandum in the present case, he described in detail the federal constitutional basis of his claim.  (R&R at 30 [Doc. No. 27]) (citing Pet'r  Reply at 9 [Doc. No. 22].)  None of the cases that Petitioner now relies upon, however, were presented to the Minnesota Supreme Court. (Id.)  Vann therefore failed to fairly present the issue regarding his right to be present in the courtroom as a federal claim to the Minnesota Supreme Court.

      This remains true despite the fact that the Minnesota Court of Appeals did cite and discuss the Supreme Court's decision in Illiois v. Allen, 397 U.S. 337 (1970), in Vann I, 2009 WL 2431978, at *3, and that Petitioner referenced that discussion in his Petition for Review to the Minnesota Supreme Court.  However, Petitioner did not mention Allen or any other United States Supreme Court cases in his Petition for Review, and the United States Supreme Court has rejected any requirement that appellate courts be required to read lower court's decisions to discern whether there is a federal claim being raised at a higher level of appeal.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).

      This Court agrees with the magistrate judge that Petitioner had the opportunity to present the federal dimension of this claim to the Minnesota Supreme Court and failed to

do so.  Accordingly, his claim is procedurally barred by <u>Knaffla</u>.  Petitioner has not established any exception to the procedural bar and has not attempted to show, nor does the record demonstrate, a finding of cause and prejudice or a fundamental miscarriage of justice that might excuse his procedural default.  For all of these reasons, this ground of relief fails.

### 7.   Fair Presentment of Prosecutorial Misconduct

Petitioner objects to the magistrate judge's determination that Petitioner failed to fairly present the issue of prosecutorial misconduct as a federal claim before the Minnesota Supreme Court, although he provides no basis for this objection – merely a caption to this effect in his Objections.  (Pet'r Obj. at 10 [Doc. No. 28].)

Magistrate Judge Mayeron's determination of this claim was proper.  (R&R at 22 [Doc. No. 27].)   In Vann's Petition for Review of <u>Vann I</u>, he raised the following issue: "Did the prosecutor commit misconduct by repeatedly arguing that the jury that it [sic] could acquit Vann only if it found that the complainant was deliberately lying?"  (Pet. for Review [Doc. No. 20-1 at 10].)  While Vann also challenged the Minnesota Court of Appeals' view of the evidence on this issue (<u>id.</u> at 14), he did not frame the issue as one arising under federal law.  (R&R at 34 [Doc. No. 27].)  Vann therefore did not present the issue regarding prosecutorial misconduct as a federal claim on direct appeal to the Minnesota Supreme Court.[3]

---

[3]   Petitioner raised prosecutorial misconduct in his postconviction appeal (Postconviction Pet., Resp't Ex. 5 [Doc. No. 20-1 at 79-80]), but did not reassert it in his postconviction Petition for Review to the Minnesota Supreme Court.  (Pet. for Review, Resp't Ex. 8 [Doc. No. 20-1 at 131].)

The Court therefore finds that the magistrate judge properly concluded that

Petitioner failed to present the issue of prosecutorial misconduct as a federal claim to the

Minnesota Supreme Court.   Because he failed to exhaust his claim, he is procedurally

barred from raising it now.   Accordingly, this ground of relief fails.

### 8.      Exhaustion of Remedies Regarding Judicial Misconduct Claim

Petitioner also objects to the magistrate judge's determination that he failed to

exhaust his remedies regarding his claim of judicial misconduct.  (Pet'r Obj. at 10 [Doc.

No. 28].)  The magistrate judge noted that this claim appeared to be based exclusively on

Vann's assertion that the trial court judge should have ordered a Rule 20 competency

exam.  (R&R at 35 [Doc. No. 27].)

To the extent that Petitioner argues that the denial of a competency examination

constituted judicial misconduct, Petitioner's claim fails for all of the reasons previously

noted with respect to his Rule 20 ground for relief.

Petitioner raised the issue of "judicial misconduct" in his petition for

postconviction relief with the district court, arguing that the denial of a competency

hearing amounted to judicial misconduct and deprived him of due process and equal

protection, in violation of the Fifth and Fourteenth Amendments.  (Postconviction Pet.,

Resp't Ex. 5 [Doc. No. 20-1 at 80-81].)  The district court found that the claim was

procedurally defaulted and the Minnesota Court of Appeals affirmed.   (See Vann III,

Resp't Ex. 7 [Doc. No. 20-1 at 128-129]) (noting that Vann's appeal based on the denial

of a Rule 20 examination was considered and rejected in Vann I, and to the extent that he

presented different variations of previous arguments, they were barred by Knaffla

because they should have been known at the time of his direct appeals).   In his Petition

for Review of Vann III, Vann did not address the appellate court's determination that his

judicial misconduct challenge was barred under Knaffla.  (See Pet. for Review, Resp't

Ex. 8. [Doc. No. 20-1 at 135-36, 141-42].)   Because any claim of judicial misconduct is

procedurally defaulted by Knaffla, and because Petitioner has not shown cause or

prejudice or a fundamental miscarriage of justice to excuse the default, his judicial

misconduct ground of relief is unavailing.

### 9.    Upward Durational Departure and Fifteen-Year Decay Factor

Petitioner contends that his sentence was based on an incorrect criminal history

score, and that the trial court erred in imposing an upward departure sentence of 180

months from the presumptive sentence of 117 months.  (R&R at 38 [Doc. No. 27].)   As

noted in the R&R, Petitioner was previously convicted of attempted murder and assault in

1984.  (Id. at 40-42.)

Petitioner objects to the magistrate judge's acknowledgement of the Minnesota

Court of Appeals' finding in Vann II, 2010 WL 3306898, at *7, that Petitioner's prior

sentences for attempted murder and assault were discharged in 1994 and 1996,

respectively.  (Pet'r Obj. at 11 [Doc. No. 28].)   He appears to argue that both of his

convictions were discharged in 1994, because "the conviction[s] happen[ed] at the same

time and place" and he received a concurrent sentence.  (Id.)   This Court agrees with the

magistrate judge that there is no basis for disturbing the appellate court's determination

regarding the date of discharge.  (R&R at 42 [Doc. No. 27].)  A determination of a factual

issue made by a state court shall be presumed correct.  28 U.S.C. § 2254(e)(1).

Moreover, regardless of whether the prior convictions were both discharged in 1994, or discharged separately in 1994 and 1996, either date falls within fifteen years of the 2007 sexual assault offense.

Petitioner also objects to the magistrate judge's finding that the current fifteen-year decay period found in the Minnesota Sentencing Guidelines is applicable to the present case.  (Pet'r Obj. at 12 [Doc. No. 28].)   Instead, he asserts that the ten-year decay period codified in the Minnesota Sentencing Guidelines at the time of his 1984 convictions is the applicable period.  (Id.)

As noted in the R&R, at the time of Petitioner's conviction for attempted murder and assault in 1984, the decay period was ten years; in 1986, the decay period changed to fifteen years.  (R&R at 40-42 [Doc. No. 27].)  The Minnesota Court of Appeals found that Petitioner was discharged from the attempted murder conviction in November 1994 and the assault conviction in 1996.  Vann II, 2010 WL 3306898, at *7.  The appellate court quoted the sentencing guidelines in effect in 2007 at the time of the current underlying offense, stating that "prior felony offenses or stays of imposition following felony convictions will not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of a discharge from or expiration of the sentence, to the date of the current offense."  Id.  (emphasis in original).  Therefore, for each prior conviction, the current offense took place within fifteen years of the discharge.  Id.

Finally, although Vann does not appear to challenge all of the specific bases on which the magistrate judge based her decision with respect to the upward departure/decay period, the Court agrees with the reasoning in the R&R concerning the Ex Post Facto

Clause, and any arguments based on <u>Blakely</u> and <u>Apprendi</u>, and adopts this reasoning herein.  (R&R at 42-43 [Doc. No. 27].)

Based on all of material in the record, the Court finds that the Minnesota Court of Appeals' ruling in <u>Vann II</u> was neither contrary to, nor involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

### 10.    Mandated Ten Year Conditional Release

Petitioner objects to the magistrate judge's conclusion that his current offense carries a mandated ten-year term of conditional release.  (Pet'r Obj. at 12 [Doc. No. 28].) He argues that because he has no prior sex offense convictions, there is no mandatory ten-year term of conditional release.  (<u>Id.</u>)   Because Petitioner presented this claim as a federal constitutional issue to the Minnesota Supreme Court (<u>see</u> Pet. for Review, Resp't Ex. 4 [Doc. No. 20-1 at 45-50]), he has exhausted this claim.

As the Minnesota Court of Appeals observed in <u>Vann II</u>, since 2005, a ten-year term of conditional release is mandatory for anyone convicted of criminal sexual conduct. <u>Vann II</u>, 2010 WL 3306898, at *7-8 (citing Minn. Stat. § 609.3455, subds. 6, 8 (2005)). The appellate court also rejected Petitioner's arguments under <u>Apprendi</u> and <u>Blakely</u>, finding a term of conditional release permissible if "authorized on the basis of the jury verdict" and if it "does not require any additional findings of fact to be made by the district court."  <u>Vann II</u>, 2010 WL 3306898, at *7 (citation omitted).   The Court therefore agrees with the magistrate judge that the Minnesota Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of clearly established

federal law, as determined by the Supreme Court of the United States.  Accordingly, any

claim for relief on this ground fails.

### 11.    Judicial Bias and Prejudice

Throughout his Objections, Petitioner claims that the magistrate judge's

recommendation of dismissal with prejudice reveals judicial bias and prejudice:

> The Magistrate is misleading this Court to believe that the petitioner has
> failed to exhaust all claims in state court;
>
> The Magistrate judge report and recommendations [sic] seem to be
> addressing the petitioner to be dismissed [sic] for any reasons that he can
> find . . . ;
>
> The Magistrate judge cannot display and bias or prejudice toward the
> petitioner, to make such an statement [sic] to what actually the Minnesota
> Court would do it demonstrate bias and prejudice toward the petitioner
> because he does not know what or how the Minnesota Supreme Court
> would have rule [sic].
>
> This improper statement of the Magistrate judge is bias and prejudice [sic]
> toward the petitioner. . . .

(Pet'r Obj. at 4, 6-7, 10 [Doc. No. 28].)

This claim is utterly without merit.  A claim of judicial bias must be factually

substantiated.  Nerison v. Solem, 715 F.2d 415, 416-417 (8th Cir. 1983) (stating that an

affidavit asserting that the judge was familiar with a party and his prior legal proceedings

does not automatically establish judicial bias; claims must be factually substantiated).

Petitioner presents no factual basis for his allegations of judicial bias. (Pet'r Obj. at 4, 6-7

[Doc. No. 28]).  To the contrary, Magistrate Judge Mayeron's painstakingly detailed and

fair analysis of Petitioner's claims evidences an unbiased and unprejudiced review of the

record.  (R&R [Doc. No. 27].)  Plaintiff's objections based on bias and prejudice are meritless and are therefore overruled.

### 12.   Certificate of Appealability

Finally, Petitioner objects to the magistrate judge's recommendation that he be denied a Certificate of Appealability.  (Pet'r Obj. at 13 [Doc. No. 28].)  He argues that it is highly likely that another court, including the Eighth Circuit Court of Appeals, would treat his current habeas corpus petition differently.  (Id.)  This Court concurs with Magistrate Judge Mayeron, however, that "Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review."  (R&R at 47 [Doc. No. 27].)  Accordingly, the Court concludes that the magistrate judge properly recommended the denial of a Certificate of Appealability.

## III.   CONCLUSION

The Court finds that the magistrate judge liberally construed Petitioner's *pro se* habeas petition and related filings, as required.  See Frey v. Schuetzle, 78 F.3d 359, 361 (8th Cir. 1996).  However, even under a liberal construction, his grounds for relief fail. The Court has considered Petitioner's Objections to the R&R and, for all of the reasons stated above, overrules them and adopts the R&R in its entirety.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Petitioner's Objections [Doc. No. 28] are **OVERRULED**;

2.   The magistrate judge's Report and Recommendation [Doc. No. 27] is **ADOPTED**;

3.      Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED**;

4.      This action is **DISMISSED WITH PREJUDICE**; and

5.      Petitioner shall **NOT** be granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 9, 2015                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge